WYS, PLAINTIFF AND APPELLANT, *v.* BOARD OF AWARDS OF PONCE, DEFENDANT AND APPELLEE.

APPEAL from the District Court of Ponce in Certiorari Proceedings.

No. 2564.—Decided February 3, 1922.

MUNICIPALITIES—CERTIORARI.—The writ of certiorari authorized by section 65 of Act No. 85 establishing a system of local government and reorganizing municipal services, approved July 31, 1919, does not lie to review acts of the board of awards created by section 43 of the same law, as amended by Act No. 9 of 1920.

The facts are stated in the opinion.

*Mr. R. B. Pérez Mercado* for the appellant.

*Mr. D. Sepúlveda* for the appellee.

*Mr. E. Flores Colón* for the intervenor.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

On June 30, 1921, in the city of Ponce a certain board of awards appointed by the council of administration of the said municipality met and opened the bids presented for renting the stalls of the municipal market place. One of the bids was signed by Octavio Wys, another by José Barbosa and another by R. F. Arévalo. Wys offered $17,885, Arévalo $14,300 and Barbosa $300 more than the highest bid that might be made. The board considered Barbosa's bid advantageous to the municipality and awarded the contract to him. On July 6, 1921, Wys petitioned the district court for a writ of certiorari directed against the board, praying the court to annul in all of its parts the decision of the board making the award to Barbosa. The writ was issued. The board did not defend, but Barbosa intervened in the proceedings and opposed the petition. A hearing was had, evidence was examined and the court finally discharged the writ previously issued. From that decision of the court petitioner Wys took the present appeal.

We have examined the transcript and the briefs of the parties and in our opinion the judgment of the district court is correct because the law does not authorize the special remedy of certiorari in this case.

Section 65 of Act No. 85 of July 31, 1919, establishing a system of local government and reorganizing municipal services, invoked in support of the petition, reads, in so far as pertinent, as follows:

"Section 65.—That on motion of the aggrieved party the courts of Justice shall have jurisdiction—

"(a) To annul or review by writ of certiorari any legislative or administrative act of the municipal assembly, council of administration or commissioners, which infringes the constitutional rights of the complainant or which is contrary to the Organic Act or the Laws of Porto Rico; * * * ."

The appellant maintains in his brief that although it is true that the law does not authorize the writ of certiorari to review the acts of the board of awards, it does authorize the writ to review acts of the commissioners or members of the council, two of whom were members of the said board and formed a majority of it.

It is not possible to accept this theory. Although the board of awards is composed according to law (section 43 of Act No. 85 of 1919, as amended by Act No. 9 of 1920) of three members, two of whom should be designated from among the commissioners, it is an entity distinct from the individual commissioners.

The judgment appealed from must be

*Affirmed.*

Justices Aldrey and Hutchison concurred.

Mr. Justice Wolf took no part in the decision of this case.